UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH E. JACKSON,

    Petitioner,

v.                                    CASE NO. 8:10-cv-2449-T-27EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

## ORDER

Petitioner, an inmate of the Florida penal system, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his conviction for possession of cocaine with intent to sell or deliver entered in 2007 by the Tenth Judicial Circuit Court, Polk County, Florida. Respondent filed a response to the petition, in which it incorporates a motion to dismiss the petition as untimely (Dkt. 18). Petitioner filed a reply to the response (Dkt. 23).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for seeking federal habeas corpus relief from a state court judgment. 28 U.S.C. § 2244(d)(1); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitation period runs from the latest of "the date on which the judgment became final by the conclusion of direct review of expiration of the time for seeking such review...." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "properly filed" when

"its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

On May 9, 2008, the appellate court affirmed Petitioner's state court conviction (Resp. Ex. 4); *Jackson v. State*, 981 So. 2d 1206 (Fla. 2d DCA 2008) (table). Petitioner's conviction became final 90 days later, on August 7, 2008, when the time for filing a petition for writ of certiorari in the Supreme Court of the United States expired. *See* Sup. Ct. R. 13(3) ("[t]he time to file a petition for ... writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . ."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (stating the 90-day period begins to run from the date of entry of judgment and not the issuance of the mandate). Petitioner therefore had one year from August 7, 2008, in which to file a timely federal habeas petition under 28 U.S.C. § 2254. His federal habeas petition was signed on October 12, 2010, more than two years after his conviction became final. Accordingly, unless the limitation period was tolled by a properly filed state court post-conviction application or equitable tolling applies, his federal petition is time-barred.

On September 18, 2008, 42 days after his conviction became final, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Resp. Ex. 6). This motion was "properly filed" pursuant § 2244(d)(2) because it was filed in accordance with the state court's rules governing such filings, and thus, it tolled the one-year limitation period. *See Artuz*, 531 U.S. at 8. On December 23, 2008, the state court denied the motion (Resp. Ex. 7). Petitioner appealed (Resp. Ex. 8), and the Second District Court of Appeal affirmed *per curiam* on October 7, 2009 (Resp. Ex. 9). Mandate issued on November 3, 2009 (Resp. Ex. 10). Petitioner had 323 days remaining of the limitation period, or until September 22, 2010, in which to file his

federal habeas petition. The instant federal petition, filed on October 12, 2010, is untimely.

The Court notes that Petitioner previously initiated a federal habeas action on September 27, 2010. *See* Case No. 8:10-cv-2160-T27MAP. However, that action was dismissed without prejudice on October 29, 2010. Petitioner's prior federal habeas petition did not toll the one-year limitation period because it is not an application for "[s]tate post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

The limitations period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Equitable tolling only applies, however, where the litigant satisfies his burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) (petitioner must show both extraordinary circumstances and diligence).

In his reply, Petitioner does not allege and show extraordinary circumstances which prevented him from filing a timely federal habeas petition (Dkt. 23). He therefore does not satisfy his burden of showing circumstances that would justify the application of equitable tolling in this case.

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DENIED** and this case is **DISMISSED** with prejudice.

2. The **Clerk** shall enter judgment against Petitioner, terminate any pending motions, and close this case.

### Certificate of Appealability

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make the requisite showing in these circumstances. And, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on January 29th, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copy to: Petitioner *pro se*
Counsel of Record